# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4151 | **DATE** | December 9, 2011 |
| **CASE TITLE** | Jovan D. Daniels (B-68369) vs. Hicky, et al. | | |

**DOCKET ENTRY TEXT**

Defendants' Patrick Keaty and John Hickey's partial motion to dismiss [17] is granted. Plaintiff's official capacity claim against the Defendants is dismissed for failure to state a claim. Plaintiff may proceed on his individual claims against the Defendants. A status hearing is scheduled for December 22, 2011 at 9:00 AM.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff, Jovan D. Daniels, an inmate at Menard Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Presently before the Court is Defendants' partial motion to dismiss.

It is well established that *pro se* complaints are to be liberally construed. *Kaba v. Stepp*, 458 F.3d 678, 681, 687 (7th Cir. 2006). *Pro se* submissions are held to a less stringent standard than formal pleadings drafted by lawyers. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir. 2008).

To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), the plaintiff must only state his basic legal claim and provide "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004). In addition, when considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court assumes all factual allegations in the complaint to be true, viewing all facts–as well as any inferences reasonably drawn therefrom–in the light most favorable to the plaintiff. *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010); *Bell Atlantic Corp.*, 550 U.S. at 563 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)). A well-pleaded complaint may proceed even if it appears "that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp.*, 550 U.S. at 556.

Nevertheless, the factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp.*, 550 U.S. at 555. While a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). "The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009)).

Plaintiff alleges that he submitted a grievance regarding the extremely cold temperature in his cell while detained at the Kane County Adult Judicial Center. On July 29, 2010, he submitted a second grievance regarding the temperature in his cell because he had not received a response to the first grievance and he was still detained in the cold

**STATEMENT**

cell. On August 2, 2010, Plaintiff received a response to his second grievance. In the response, an unknown officer stated that he spoke with Lieutenant Hickey about moving Plaintiff but Lt. Hickey stated he would not move Plaintiff. The response also indicated that a copy of the grievance was sent to Commander Keaty. Plaintiff remained in the cold cell until August 9, 2010, at which time he was left the facility. Plaintiff indicates that brings suit against Defendants in bother their individual and official capacities.

Defendants move to dismiss Plaintiff's official capacity claims for failure to state a claim.

Claims filed against government officers in their official capacity are actually claims against the government entity for which the officers work. *See Kentucky v. Graham*, 473 U.S. 159, 167 (1985); *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007). A governmental entity is liable for damages under Section 1983 only if the plaintiff can show that the alleged constitutional deprivation occurred as a result of an official policy, custom, or practice. *See Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 692 (1978) Unconstitutional policies or customs generally take three forms: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a usage or custom with the force of law; or (3) a constitutional injury was caused by a person with final policy-making authority. *Brokaw v. Mercer County*, 235 F.3d 1000, 1013 (7th Cir.2000).

Plaintiff does not allege that he housed in an extremely cold cell and that he was refused a transfer to a different cell because of a policy or custom at the Kane County Adult Judicial Center. Nor can such an allegation be reasonably inferred. Thus, Plaintiff has failed to state a claim against the Defendants in their official capacities. Accordingly, Defendants' partial motion to dismiss is granted. Plaintiff's official capacity claim against the Defendants is dismissed for failure to state a claim. Plaintiff may proceed on his individual claims against the Defendants.

*James F. Holderman*